UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00133-SEB-TAB |
| | ) | |
| JOSE DEL TORO, | ) -17 | |
| | ) | |
| Defendant. | ) | |

### Order to Show Cause

Defendant has filed a motion seeking compassionate release. Dkt. 1892. He seeks immediate release from incarceration. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because changes to his statute of conviction mean that he would likely receive a shorter sentence if he were sentenced today. Dkt. 1998. He also argues that he should not have received a sentencing enhancement based on a "felony drug offense" because the offense on which his sentencing enhancement was based was later re-classified as a misdemeanor under state law. *Id.* Thus, he argues, the disparity between the sentence he received and the sentence he might receive if properly sentenced today is an extraordinary and compelling reason warranting release. *Id.*

The U.S. Court of Appeals for the Seventh Circuit recently decided a case that potentially impacts the arguments Defendant makes in this case.

In *United States v. Thacker*, __ F.4th__, No. 20-2943, 2021 WL 2979530 (7th Cir. July 15, 2021), the defendant sought compassionate release under § 3582(c)(1)(A). He argued that extraordinary and compelling reasons warranted relief in part because he would face a much shorter mandatory sentence if sentenced today. *Id.* at *1. Specifically, more than a decade ago,

he received a sentence of 33 years and 4 months of imprisonment. *Id.* Seven of those years represented a mandatory minimum sentence for a conviction under 18 U.S.C. § 924(c). *Id.* Twenty-five of those years represented a mandatory, consecutive sentence for another conviction under § 924(c). *Id.* That is, the sentencing court had no choice but to sentence the defendant to at least 32 years of imprisonment. *Id.*

In December 2018, § 924(c) was amended by § 403 of the First Step Act of 2018. First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). If sentenced under the amended § 924(c), the defendant would face only consecutive 7-year sentences for his § 924 convictions—that is, his mandatory minimum sentence would have been only 14 years, not 32 years. First Step Act of 2018, § 403(a), 132 Stat. at 5222. Congress, however, explicitly declined to make § 403 retroactive, providing that the amendment applied only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, § 403(b), 132 Stat. at 5222.

The defendant filed a motion for compassionate release, arguing that the disparity between the sentence he actually received and the sentence he would receive if sentenced today constituted an extraordinary and compelling reason for release. *Thacker*, 2021 WL 2979530, at *1. The district court denied his motion, and the Seventh Circuit affirmed, holding that Congress's deliberate decision to make the amendment to § 924(c) prospective only meant that the change to § 924(c) could not be an extraordinary and compelling reason for relief under § 3582(c)((1)(A). *Id.* at *3–4, 6.

In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief but

concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at *3. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions established for federal prisoners to challenge their sentences [that is] embodied in . . . 28 U.S.C. § 2255 and accompanying provisions." *Id.* at *4. It explained the proper analysis:

> We take the opportunity here to answer squarely and definitively whether the change to § 924(c) can constitute an extraordinary and compelling reason for a sentencing reduction. It cannot.
>
> The proper analysis in evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons proceeds in two steps. At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with others, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in [18 U.S.C.] § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* at *6.

Although the decision in *Thacker* explicitly applies only to cases based on the change to § 924(c), its rationale applies to the arguments Defendant makes in this case. Here, Defendant argues that he would face a lower mandatory minimum sentence if sentenced today because § 401 of the First Step Act lowered the mandatory minimum sentence for his crime of conviction. *See* dkt. 1998; *see also* First Step Act, § 401,132 Stat. at 5220–21; 21 U.S.C. § 841(b) (effective

Dec. 21, 2018). However, as with § 403, Congress explicitly declined to make the sentencing change in § 401 retroactive. First Step Act, § 401(c), 132 Stat. at 5221 (First Step Act, § 401(c)) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'"). In other words, § 401 does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated and remanded for further consideration on other grounds*, *Pierson v. United States*, 140 S. Ct. 1291 (2020).

Defendant also argues that he should not have received a sentencing enhancement under 21 U.S.C. § 841 for having a prior conviction for a "felony drug offense" because the sentence on which his enhancement was based was later re-classified as a misdemeanor under state law. Dkt. 1998. As the United States argues, however, the Seventh Circuit has held that the post-conviction reclassification of a felony as a misdemeanor does not undermine the validity of a sentencing enhancement under § 841. *See* dkt. 2008 at 5–6 (discussing *United States v. Sanders*, 909 F.3d 895 (2018)). In other words, for purposes of the § 841 enhancement, the re-classification of a felony as a misdemeanor is not retroactive. *See* dkt. 2009 at 1 (admitting that, under *Sanders*, Defendant's § 841 enhancement was valid).

Therefore, it appears to the Court that, under the rationale of *Thacker*, the disparity between the sentence Defendant received and the sentence he believes he might receive if correctly sentenced today cannot be an extraordinary and compelling reason warranting relief, whether alone or in combination with other factors. Accordingly, within **7 days of the date of this Order** Defendant shall **show cause** why the Court should not deny his motion for compassionate release.

**If Defendant fails to respond as required by this Order, the Court will deem Defendant to have abandoned his motion for compassionate release and deny it without prejudice.**

**IT IS SO ORDERED.**

Date: ___7/28/2021___

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel