UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-133-SEB-TAB-17 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSE DEL TORO | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00133-SEB-TAB |
| | ) | |
| JOSE DEL TORO, | ) -17 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Jose Del Toro has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1892. Mr. Del Toro seeks immediate release from incarceration or a reduction in sentence because the prior conviction used to enhance his sentence has since been redesignated as a misdemeanor and because the First Step Act reduced the mandatory minimum sentence for his crime. Dkts. 1892, 1998. For the reasons explained below, his motion is **DENIED**.

**I.    Background**

In 2013, Mr. Del Toro pled guilty to one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 798, 804. According to the presentence investigation report, Mr. Del Toro participated in a large methamphetamine trafficking operation in Indiana, for which he served as the source for supplying methamphetamine from California. Dkt. 752. In the course of the prosecution, the United States filed an Information under 21 U.S.C. § 851, alleging that Mr. Del Toro had previously been convicted of a drug felony. Dkt. 672. As a result, under the law as it existed at the time, Mr. Del Toro faced a mandatory minimum sentence of 20 years. *See* dkt. 752

2

at 17 (discussing 21 U.S.C. § 841(b)(1)(A)). The Court sentenced Mr. Del Toro to 262 months of imprisonment, to be followed by a 10-year term of supervised release. Dkts. 798, 804. The Bureau of Prisons ("BOP") lists Mr. Del Toro's anticipated release date (with good-conduct time included) as November 29, 2031.

Mr. Del Toro initially filed his motion for compassionate release pro se. Dkt. 1892. In his pro se motion, he argues that in 2018—more than four years after he was sentenced by this Court—the prior drug felony that formed the basis of the § 851 Information was converted to a misdemeanor. *Id.* Consequently, he contends, that conviction should no longer be used to enhance his sentence in this matter. *Id*. The Court appointed counsel to represent Mr. Del Toro, dkt. 1895, and counsel filed a brief in support of Mr. Del Toro's motion which adopts all of the arguments contained in Mr. Del Toro's initial pro se motion, dkt. 1998 at 2. Counsel also argues that extraordinary and compelling reasons warrant reducing Mr. Del Toro's sentence because the First Step Act of 2018 reduced the mandatory minimum sentence for a conviction under 21 U.S.C. § 841(b)(1)(A) from 20 years to 15 years in cases where a defendant has a qualifying prior drug felony, and therefore Mr. Del Toro's sentence would be lower if he was sentenced today. *Id.* The United States filed an opposition, arguing that Mr. Del Toro has not established extraordinary and compelling reasons to reduce his sentence, dkt. 2008, and Mr. Del Toro filed a reply, dkt. 2009.

The Court thereafter entered a show cause order, requiring Mr. Del Toro to show cause why, under the rationale of *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), the Court should not deny his motion for compassionate release because the disparity between the sentence he received and the sentence he believes he might receive if correctly sentenced today cannot be an extraordinary and compelling reason warranting relief, whether alone or in combination with other factors. Dkt. 2023. Mr. Del Toro responded, arguing for the first time that because he has high

blood pressure and is overweight, he is at risk of severe illness from COVID-19, which establishes extraordinary and compelling reasons to reduce his sentence. Dkt. 2026. Counsel states that he does not know Mr. Del Toro's vaccination status but argues nevertheless that even being vaccinated does not eliminate his risk. *Id.* at 3. Counsel also speculates as to the reasons that Mr. Del Toro may have opted not to receive the vaccine (if the defendant did, in fact, refuse an offered vaccine). *Id.* at 3-6. Finally, Mr. Del Toro re-iterates his prior arguments about his sentence, but fails to address the effect of *Thacker* on said arguments. *Id.* at 6-8. The motion is now ripe. As explained below, Mr. Del Toro has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Del Toro seeks immediate release from incarceration or a reduction in sentence because changes to his statute of conviction mean that he would face a lower mandatory minimum sentence and, thus, likely receive a shorter sentence if he were sentenced today. Dkt. 1998. He also argues that he should not have to continue serving his 262-month sentence because that sentence was imposed after the United States filed a § 851 Information alleging that he had a prior "felony

4

drug offense," which subjected him to a 20-year mandatory minimum sentence. *Id.* Later, his predicate "felony drug offense" was converted to a misdemeanor. Thus, he argues, if he was sentenced today, the United States could not file a § 851 Information, and he would not face a higher mandatory minimum sentence. That is, he argues that the disparity between the sentence he received and the sentence he might receive if properly sentenced today is an extraordinary and compelling reason warranting release.[1] *Id.*

As the Court stated in its prior show-cause order, the Seventh Circuit's recent decision in *Thacker* is relevant to these arguments. *Thacker*, 4 F.4th at 569. In *Thacker*, the defendant argued that extraordinary and compelling reasons warrant relief in part because he would face a much shorter mandatory sentence if sentenced today because his statute of conviction—18 U.S.C. § 924(c)—had since been amended to reduce the mandatory-minimum sentence in cases like his. *Id.* at 572. The Seventh Circuit rejected the argument, holding that Congress's deliberate decision to make the amendment to § 924(c) prospective-only meant that the change to § 924(c) could not be an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether alone or in combination with any other reasons. *Id.* at 573–76. In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling

---

[1] In his response to the Court's show cause order, Mr. Del Toro includes new arguments not previously raised, including that he is entitled to compassionate release because he is at risk of severe illness if he contracts COVID-19. Dkt. 2026. This argument was not included in his initial pro se motion, nor was it included in the supporting brief and reply brief filed by counsel. Dkts. 1892, 1998, 2009. Thus, the Court considers the COVID-risk argument to be waived.
   Even if not waived, the Seventh Circuit recently held that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Del Toro offers no evidence or argument suggesting that he is among the minority of prisoners who cannot receive or benefit from a vaccine. Thus, Mr. Del Toro's risk of severe illness from COVID-19 is not extraordinary and compelling reason for release.

reasons warranting relief but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at 574. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions established for federal prisoners to challenge their sentences [that is] embodied in . . . 28 U.S.C. § 2255 and accompanying provisions." *Id.*

Although the decision in *Thacker* explicitly applies only to cases based on the change to § 924(c), its rationale applies to the arguments Mr. Del Toro makes in this case. Here, Mr. Del Toro argues that he would face a lower mandatory minimum sentence if sentenced today because § 401 of the First Step Act lowered the mandatory minimum sentence for his crime of conviction. *See* dkt. 1998; *see also* First Step Act, § 401,132 Stat. at 5220–21; 21 U.S.C. § 841(b) (effective Dec. 21, 2018). However, as with the amendments to § 924(c), Congress explicitly declined to make the sentencing change in § 401 retroactive. First Step Act, § 401(c), 132 Stat. at 5221 (First Step Act, § 401(c)) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'"). In other words, § 401 does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated and remanded for further consideration on other grounds*, *Pierson v. United States*, 140 S. Ct. 1291 (2020). Despite being given an opportunity to show cause as to why the rationale from *Thacker* does not apply to his case, Mr. Del Toro failed to do so. Accordingly, for the reasons stated in the show-cause order,

dkt. 2023, the Court finds that the alleged disparity between the sentence Mr. Del Toro received and the sentence he might receive if he had been sentenced after the enactment of the First Step Act does not establish extraordinary and compelling reasons to grant release or reduce his sentence, whether alone or in combination with any other reasons.

Mr. Del Toro's other argument—that he should no longer face a 20-year mandatory minimum sentence under 21 U.S.C. § 841 for having a prior conviction for a "felony drug offense" because the sentence on which the § 851 Information was based was later re-classified as a misdemeanor under state law—is also unavailing. Dkt. 1998. As the United States argues, the Seventh Circuit has held that the post-conviction reclassification of a felony as a misdemeanor does not undermine the validity of a sentencing enhancement under § 841.[2] *See* dkt. 2008 at 5–6 (discussing *United States v. Sanders*, 909 F.3d 895 (2018)). In other words, for purposes of the § 841 enhancement, the re-classification of a felony as a misdemeanor is not retroactive. In fact, Mr. Del Toro acknowledges that under *Sanders*, his enhancement remains valid. *See* dkt. 2009 at 1 (admitting that, under *Sanders*, Defendant's § 841 enhancement was valid). Instead, he argues that the Court "should find the legislative changes as evidence of society's consensus that his sentence is excessive, which would constitute an extraordinary and compelling reason for compassionate release." *Id.* at 2. The Court declines to do so. As stated by the Seventh Circuit, "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction." *Thacker*, 4 F.4th at 574. Permitting § 3582(c)(1)(A) to be used that way would "create[] tension with the principal path and

---

[2] The Court notes that it is not entirely clear from the record that the conviction relied upon by the United States in the § 851 Information is the conviction later reduced by the State of California to a misdemeanor. *See* dkts. 672, 1892-1. Nevertheless, the Court will assume that to be true for purposes of resolving this motion.

7

conditions Congress established for federal prisoners to challenge their sentences. That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions." *Id.; see also United States v. Martin*, __ F.4th __, No. 21-1527, 2021 WL 6124746, at *2 (7th Cir. Dec. 28, 2021) (relying on *Thacker* and reiterating that a defendant cannot use a motion for compassionate release to challenge a potential error in his sentence).

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III.     Conclusion

For the reasons stated above, Mr. Del Toro's motion for compassionate release, dkt. [1892], is **denied**.

**IT IS SO ORDERED.**

Date:     1/13/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel