UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:12-cr-00133-SEB-TAB |
| JOSE DEL TORO, | ) ) -17 ) | |
| Defendant. | ) | |

**Order Denying Motion to Reconsider**

Defendant Jose Del Toro filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 1892. He sought immediate release from incarceration because the prior conviction used to enhance his sentence had since been designated as a misdemeanor and because the First Step Act reduced the mandatory minimum sentence for his crime of conviction. Dkts. 1892, 1998. In response to an Order to Show Cause, he also raised—for the first time—a claim that he should be released because of the risk he faced from the COVID-19 pandemic. Dkt. 2026. On January 13, 2022, the Court denied his motion, finding that he had not shown "extraordinary and compelling reasons" warranting relief under § 3582(c)(1)(A)(i) because the arguments about his sentence were barred by the rationale of the Seventh Circuit's decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). Dkt. 2058. The Court also found that he had waived his argument about COVID-19 risk but, in any event, his risk of experiencing severe illness from COVID-19 was not an extraordinary and compelling reason to release him because he had not shown that he could not receive or benefit from the COVID-19 vaccine. *Id.* at 5 n.1.

On April 13, 2022, Mr. Del Toro filed a motion to reconsider. Dkt. 2076. The Court concludes that it does not require a response from the United States to resolve the issues raised by Mr. Del Toro's motion.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Mr. Del Toro's motion to reconsider was filed more than 28 days after the date the Court denied his motion for compassionate release. It is therefore treated as motion to reconsider under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances, only three of which are potentially relevant to this case: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

Mr. Del Toro has not shown that this is an exceptional case warranting relief under Rule 60. The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and

evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

As explained, the Court found that Mr. Del Toro had not shown extraordinary and compelling reasons warranting relief because the rationale of the Seventh Circuit's decision in *Thacker* barred his arguments. Dkt. 2058. In his motion to reconsider, Mr. Del Toro urges the Court to consider the arguments his counsel made in the reply brief supporting his motion for compassionate release. Dkt. 2076 at 1. The Court already considered those arguments and stands by its rejection of them.

Second, Mr. Del Toro points the Court to the First Circuit's recently issued decision in *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022). In that case, the First Circuit held that district courts are not bound by U.S.S.G. § 1B1.13 in determining whether extraordinary and compelling reasons warrant relief under § 3582(c)(1)(A)(i) and that a district court may permissibly consider the First Step Act's non-retroactive amendments to the mandatory minimum penalties for convictions under 18 U.S.C. § 841 to determine whether extraordinary and compelling reasons exist in a particular case. *Id.* The First Circuit's opinion in *Ruvalcaba* provides no reason for the Court to reconsider its original denial of Mr. Del Toro's motion for compassionate release. The Court did not consider itself to be bound by U.S.S.G. § 1B1.13 in determining whether extraordinary and compelling reasons existed in this case. Rather, as directed by the Seventh Circuit in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), the Court recognized that it possessed broad discretion to determine what constitutes "extraordinary and compelling reasons" under the

statute. Dkt. 2058 at 4. Moreover, this Court is not bound by the First Circuit's opinion in *Ruvalcaba*. It is, however, bound by the Seventh Circuit's opinion in *Thacker*. And, for the reasons explained in its Order denying Mr. Del Toro's motion for compassionate release, the rationale of *Thacker* clearly forecloses Mr. Del Toro's argument that he can show extraordinary and compelling reasons based on the fact that he might receive a shorter sentence if sentenced today. Dkt. 2058 at 5–8.

Third, Mr. Del Toro asks the Court to reconsider its decision because "his own health conditions have gotten worse over the years because of lockdowns, diet and lack of exercise" and he "can better provide and care for . . . these issues on the outside, by having his own medical insurance, better diet and exercise." Dkt. 2076 at 2. This is an argument that could have been raised in Mr. Del Toro's initial motion for compassionate release, but was not. Regardless, Mr. Del Toro has not shown that his health has sufficiently declined to warrant releasing him. Many inmates believe that they would be able to improve their health (through diet, exercise, and private health care) if they were released. Absent any indication that Mr. Del Toro is suffering from a terminal illness, is incapacitated, or is unable to engage in activities or daily living or provide self-care in prison, the Court declines to find that his health constitutes an extraordinary and compelling reason to release him.

Finally, Mr. Del Toro argues that extraordinary and compelling reasons warrant relief because the caregiver of his minor children (his mother) has recently become incapacitated and can no longer care for the children. Dkt. 2076 at 2. The existence of this new set of facts might support a new motion for compassionate release, but it is not a reason

to reconsider the Court's original decision. If Mr. Del Toro wishes to seek compassionate release so that he can care for his children, he may file a new motion by using the enclosed form.

For the reasons stated above, Mr. Del Toro's motion to reconsider, dkt. [2076], is **denied**. The **clerk** is **directed** to enclose a form motion for compassionate release with Mr. Del Toro's copy of this Order.

**IT IS SO ORDERED.**

Date: 4/19/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jose Del Toro
Reg. No. 17558-111
U.S.P. Lompoc
U.S. Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436